IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EVANGELINA SANCHEZ AND SEVERINO SANCHEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTONIO HOLMES,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Vehicle And Property Insurance Company in Cause No. DC-16-001 15, pending in the 191st Judicial District Court of Dallas County, Texas, files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1    On or about January 6, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Evangelina Sanchez and Severino Sanchez v. Allstate Vehicle And Property Insurance Company and Antonio Holmes,* Cause No. DC-16-00115, pending in the 191st Judicial District Court of Dallas County, Texas, in which Plaintiffs made a claim for damages to their

home under a homeowner's insurance policy with Allstate Vehicle And Property Insurance Company.

1.2   Plaintiffs served Defendant Allstate Vehicle And Property Insurance Company ("Allstate") with Plaintiffs' Original Petition and process on January 14, 2016, by process server on its registered agent, CT Corporation System.

1.3   Plaintiffs have not yet served Defendant Antonio Holmes ("Holmes") with Plaintiffs' Original Petition.

1.4   Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court.  Attached as Exhibit "B" is a copy of the docket sheet and all documents filed in the state court action are attached as Exhibits "B-1" through Exhibit "B-7" as identified on the Index of Documents.

## II.
## BASIS FOR REMOVAL

2.1   Defendant files this notice of removal within 30 days of receiving Plaintiffs' Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2   Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.   THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3   Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of Dallas County in the State of Texas and thus, are citizens of Texas.  *See* Plaintiffs' Original Petition, ¶ 2. On information and belief, Plaintiffs intend to continue residing in Texas and are thus domiciled in Texas.  See *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes, and therefore, complete diversity exists.

2.5     Defendant Holmes is, and was at the time the lawsuit was filed, a citizen of the State of Virginia.  *See* Plaintiffs' Original Petition, ¶ 4.

    **B.**     **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.6     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.7     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendants are liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiffs' claim.

2.8     Plaintiffs have specifically pled that they are seeking monetary relief over $200,000, but not more than $1,000,000. *See* Plaintiffs' Original Petition, ¶ 5. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was first served with Plaintiffs' Original Petition and process on January 14, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Defendant Holmes has not been served and therefore, his consent to removal is not required.

3.3     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.6 Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1 Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle And Property Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ *Roger D. Higgins*

| Roger D. Higgins | State Bar No. 09601500 |
| Vanessa A. Rosa | State Bar No. 24081769 |

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
214-871-8200 – Phone
214-871-8209 – Fax
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

  This is to certify that on February 15, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

  René M. Sigman
  THE MOSTYN LAW FIRM
  3810 W. Alabama Street
  Houston, Texas  77027

            /s/ *Roger D. Higgins*
            Roger D. Higgins