FILED
DALLAS COUNTY
1/6/2016 1:18:57 PM
FELICIA PITRE
DISTRICT CLERK

Anna Negrete

2 CITS/ ESERVE

CAUSE NO. DC-16-00115 _____

| | | |
|---|---|---|
| EVANGELINA SANCHEZ AND SEVERINO SANCHEZ, *Plaintiffs*, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | DALLAS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND ANTONIO HOLMES, *Defendants*. | § § § § § § | 191ST JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Evangelina Sanchez and Severino Sanchez ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Antonio Holmes ("Holmes") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiffs Evangelina Sanchez and Severino Sanchez are individuals residing in Dallas County, Texas.

```
EXHIBIT
B-1
```

3.    Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.    Defendant Antonio Holmes is an individual residing in and domiciled in the State of Virginia.  This defendant may be served with personal process by a process server at his place of residence at 10701 Garden Springs Ln. Apt. 203, Chester, Virginia 23831.

### JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000.   Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Allstate because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Holmes because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

### VENUE

8.    Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

Page 2

## FACTS

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10.   Plaintiffs own the insured property, which is specifically located at 10352 Woodleaf Drive, Dallas, Texas 75227, in Dallas County (hereinafter referred to as "the Property").

11.   Allstate sold the Policy insuring the Property to Plaintiffs.

12.   On or about May 10, 2015, a hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' fence suffered damages. After the storm, Plaintiffs filed a claim with their insurance company, Allstate, for the damages to their home caused by the Storm.

13.   Plaintiffs submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14.   Plaintiffs asked that Allstate cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the siding and interior water damages to the Property, pursuant to the Policy.

15.   Defendant Allstate assigned Defendant Holmes as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. Holmes conducted a substandard

Page 3

investigation and inspection of Plaintiffs' damages. The inadequacy of Defendant Holmes' inspection and investigation of Plaintiffs' claim is further evidenced by his letter to Plaintiffs dated August 11, 2015. Specifically, Holmes' letter wholly failed to provide any reasonable explanation for the lack of payment on Plaintiffs' claim and failed to describe with any particularity the specific damages that were being denied, and thus omitted from the adjustment and estimate, and the reason for such denial.

16.    Although Holmes was aware of Plaintiffs' reported potential damages covered by the Policy, he made determinations as to the amount of Plaintiffs' claim without conducting thorough and reasonable inspection and/or investigation of Plaintiffs' damages. Ultimately, Defendant Holmes determined that the damages were not covered under the Policy, thus no payment would be made on the claim. Holmes' inadequate investigation was relied upon by Defendant Allstate in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

17.    Defendant Allstate, along with other Allstate personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjusters, including Defendant Holmes, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' claim. Further, Defendants Allstate and Holmes misrepresented that Plaintiffs' damages were not covered under the Policy, when the losses, in fact, were properly covered damages. Allstate denied Plaintiffs' claim without performing a reasonable investigation. In particular, Allstate took the position that the damages caused by the Storm were not covered under the Policy. As a result of Defendants Allstate's and Holmes' wrongful acts and omissions set forth above and further described herein, Plaintiffs were considerably underpaid on their claim and have suffered damages.

Page 4

18.   Together, Allstate and Holmes set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' Storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

19.   As detailed in the paragraphs below, Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Allstate underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

20.   To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

21.   Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

22.   Defendants Allstate and Holmes misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and Holmes' conduct constitutes a violation

Page 5

of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).

23.    Defendants Allstate and Holmes failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Allstate's and Holmes' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

24.    Defendants Allstate and Holmes failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendants Allstate and Holmes failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants Allstate and Holmes did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendants Allstate's and Holmes' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

25.    Defendants Allstate and Holmes failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Holmes.  Defendants Allstate's and Holmes' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(4).

26.    Defendants Allstate and Holmes refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Allstate and Holmes failed to conduct a reasonable investigation.  Specifically, Defendants Allstate and Holmes performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and

Page 6

inequitable evaluation of Plaintiffs' losses on the Property. Defendants Allstate's and Holmes' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

27. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

28. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

29. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

30. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Page 7

31.   Defendants Allstate and Holmes knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.   As a result of Defendants Allstate's and Holmes' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

33.   Plaintiffs' experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**CAUSES OF ACTION:**

**CAUSES OF ACTION AGAINST DEFENDANT HOLMES**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

34.   Defendant Allstate assigned Defendant Holmes to adjust the claim.  Defendant Holmes was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During his investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages.  The adjuster also omitted covered damages from his report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

35.   Defendant Holmes' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

36. Defendant Holmes is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Allstate, because he is a "person" as defined by Tex. Ins. Code §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

37. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Holmes' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Holmes' unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

38. Defendant Holmes' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

Page 9

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

39.   Defendant Holmes failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.   Specifically, Defendant Holmes failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Holmes as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

40.   Defendant Holmes' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

41.   Defendant Holmes did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Allstate. Defendant Holmes' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation,

Page 10

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

CAUSES OF ACTION AGAINST ALL DEFENDANTS

42.   Plaintiffs are not making any claims for relief under federal law.

FRAUD

43.   Defendants Allstate and Holmes are liable to Plaintiffs for common law fraud.

44.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Allstate and Holmes knew were false or made recklessly without any knowledge of their truth as a positive assertion.

45.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

CONSPIRACY TO COMMIT FRAUD

46.   Defendants Allstate and Holmes are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate and Holmes were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Allstate and Holmes committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

CAUSES OF ACTION AGAINST ALLSTATE ONLY

47.   Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

Page 11

## BREACH OF CONTRACT

48.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between
      Allstate and Plaintiffs.

49.   Defendant Allstate's failure and/or refusal, as described above, to pay adequate
      compensation as it is obligated to do under the terms of the Policy in question, and under
      the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with
      Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code,
      Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this
      article are made actionable by TEX. INS. CODE §541.151.

51.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to
      Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of
      competition and an unfair and deceptive act or practice in the business of insurance. TEX.
      INS. CODE §541.060(a)(1).

52.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt
      in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even
      though Allstate's liability under the Policy was reasonably clear, constitutes an unfair
      method of competition and an unfair and deceptive act or practice in the business of
      insurance. TEX. INS. CODE §541.060(a)(2)(A).

53.   Defendant Allstate's unfair settlement practice, as described above, of failing to promptly
      provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to
      the facts or applicable law, for its offer of a compromise settlement of the claim,

Page 12

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.     Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56.     Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.     Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.     Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.  Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60.  As referenced and described above, and further conduct throughout this litigation and lawsuit, Holmes is an agent of Allstate based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.  Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Holmes, including the completion of his duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.  Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.  Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

64.  Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

Page 14

## DAMAGES

65.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

66.    As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's and Holmes' mishandling of Plaintiffs' claim in violation of the laws set forth above.

67.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

68.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

69.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

70.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

Page 15

71.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

73.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas.   Plaintiffs hereby tender the appropriate jury fee.

### WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURES

74.     *Plaintiffs' Request for Disclosures to Defendant Allstate Vehicle and Property Insurance sCompany* is attached as "Exhibit A."   *Plaintiffs' Request for Disclosures to Defendant Antonio Holmes* is attached as "Exhibit A-1."

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed

Page 16

by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

## "EXHIBIT A"

### CAUSE NO. _____

| | | |
|---|---|---|
| EVANGELINA SANCHEZ AND | § | IN THE DISTRICT COURT OF |
| SEVERINO SANCHEZ, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY AND ANTONIO | § | |
| HOLMES, | § | |
| *Defendants*. | § | _____JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO:     DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

 */s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 18

"EXHIBIT A-1"

CAUSE NO. _____

| | | |
|---|---|---|
| EVANGELINA SANCHEZ AND<br>SEVERINO SANCHEZ,<br>    *Plaintiffs,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | DALLAS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE<br>COMPANY AND ANTONIO<br>HOLMES,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§ | _____JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT
## ANTONIO HOLMES

TO:   DEFENDANT ANTONIO HOLMES, 10701 Garden Springs Ln. Apt. 203, Chester, Virginia 23831.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Antonio Holmes (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

Page 19